IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**BOBBY CLEVELAND BENNETT**                                                                **PLAINTIFF**

v.                                        **CASE NO. 3:24-cv-42 JM**

**JARED COOK**, *et al.*                                                                     **DEFENDANTS**

## ORDER

Plaintiff Bobby Bennett, in custody in the Poinsett County Detention Center, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (Doc. 2). He also filed a motion to proceed *in forma pauperis*, which is granted. (Doc. 1).

### I.    *In Forma Pauperis*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his § 1983 claims, and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account. 28 U.S.C. § 1915(b)(4).

If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350.00 filing fee will be collected, and no portion of this filing fee will be refunded to the prisoner. *See* 28 U.S.C. § 1915(b)(1) ("Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."); *see also Jackson*

*v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951, 952 (D. Neb. 2001) ("The Prison Litigation Reform Act (PLRA) makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal. Thus, when an application to proceed in forma pauperis (IFP) is filed in such a case, 'the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan.'") (citations omitted) (quoting *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir.1997)).

Bennett has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, Bennett's motion to proceed *in forma pauperis* (Doc. 1) is GRANTED. Based on the information contained in his account information sheet, the Court assesses an initial partial filing fee in the amount of $3.00. After the initial partial filing fee is collected, Bennett will be obligated to make monthly payments in the amount of 20% of the preceding month's income credited to Bennett's prison trust account each time the amount in the account exceeds $10.00 until the $350.00 filing fee is fully paid. 28 U.S.C. § 1915(b)(2).

## II.     Screening

Federal law requires courts to screen *in forma pauperis* complaints, 28 U.S.C. § 1915(e), and prisoner complaints seeking relief against a governmental entity, officer, or employee, 28 U.S.C. § 1915A. Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. A claim is legally frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). FED. R. CIV. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Bell Atlantic Corporation v.*

*Twombly*, 550 U.S. 544, 570 (2007). However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

### III.    Discussion

Bennett sued Poinsett County Drug Task Force Lieutenant Jared Cook and Poinsett County Sheriff Kevin Molder in their personal and official capacities alleging his home was unlawfully searched, that he was illegally arrested, as a result, is unlawfully jailed pending trial. (Doc. 2 at 4). Bennett seeks damages.

In *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), the Supreme Court held that federal courts should abstain from interfering in ongoing state proceedings. The Court explained the rationale for such abstention as follows:

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id*. at 44.

Accordingly, a federal court must abstain from entertaining constitutional claims when: (1) there is an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 602 (8th Cir. 1999); *Yamaha Motor Corp. v. Riney*, 21 F.3d 793, 797 (8th Cir. 1994). If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

Bennett is currently facing state criminal charges for the aggravated assault of a police officer and possession of drugs and drug paraphernalia. *See State v. Bennett*, 58CR-24-98 (Poinsett County) (drug charges); *State v. Bennett*, 58CR-24-13 (Poinsett County) (assault charge). Because Arkansas has an important interest in its criminal justice procedures, this Court should abstain from entertaining his constitutional claims. Further, there is no indication of bad faith, harassment, or any other extraordinary circumstance that would make abstention inappropriate.

Having determined that the Court should abstain from entertaining Bennett's claims, it must decide whether to dismiss, or to stay, the case. Where only injunctive or equitable relief is sought, dismissal is appropriate. *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 481 (8th Cir. 1998). Bennett, however, seeks damages. Accordingly, Bennett's case is stayed and administratively terminated. *Stroud*, 179 F.3d at 603-04.

### IV.   Conclusion

1. The Clerk of the Court is directed to stay and administratively terminate this proceeding pending final disposition of Bennett's state criminal charges.

2. Bennett may file a motion to reopen this case after such final disposition. Any motion to reopen must be filed within 60 days of that final disposition. If Bennett does not file a timely motion to reopen or a status report by March 19, 2025, then the Court will reopen the case and dismiss it without prejudice.

3. The Clerk of Court is directed to send a copy of this order to: the Administrator of the Poinsett County Detention Center, 1500 Justice Dr., Harrisburg, AR 72432

IT IS SO ORDERED this 11th day of April, 2024.

_____
UNITED STATES DISTRICT JUDGE